## SMITH et al. v. SMITH et al.

1. **Evidence:** RECORD OF FORMER ACTION. The entire record in a former cause, is admissible in evidence when the action involves proof of the former judgment.

2. —— JUDGMENT CANNOT BE COLLATERALLY IMPEACHED. It is not competent to collaterally attack a judgment on the ground of fraud in its procurement, when it is offered in another action as an instrument of evidence only.

*Appeal from Iowa District Court.*

FRIDAY, JULY 5.

THIS is a suit in equity to set aside, as fraudulent, a conveyance of real estate, made by the defendant, Christopher Smith, to his co-defendant, Thomas Roach. The cause was tried before a referee, who reported the evidence, together with his conclusions of fact and law thereon, to the court. This report was for the plaintiffs. The defendants filed exceptions thereto, which were overruled, and judgment entered upon the report. The defendants excepted, and appeal.

*Templin & Feenan* and *J. D. Templin & Son* for the appellants.

*J. H. Murphy & Bro.* and *H. M. Martin* for the appellees.

COLE, J.—The plaintiffs are judgment creditors of the defendant Christopher Smith, and have execution thereon,

**1. EVIDENCE:** *record of former action.* returned *nulla bona.* The judgment was recovered for slanderous words spoken by the defendant of the plaintiff Hannah, in January or February, 1863. The suit for slander was brought in July, 1864, and judgment therein was rendered in the September following.

The defendant Roach claims to have made a verbal contract for the purchase of the land, in February, 1863; he obtained his deed in June of that year, and had the same recorded in the July following.

Upon the trial before the referee, the plaintiffs offered in evidence the pleadings and record of the action for slander, in which the judgment was recovered. The defendant Roach objected to the admission of the same, because irrelevant. This objection was overruled and the evidence admitted, to which the defendant excepted, and now asserts that the ruling was error.

There was no error in admitting the evidence. One point of controversy, was as to whether the sale of the land was made to the defendant Roach before the slanderous words were spoken. The pleadings and records would tend to show this fact, by showing when the suit was commenced, and when the words were charged to have been uttered. Besides, the entire record in a cause is competent when the action involves proof of the judgment therein. They were therefore relevant, and hence properly admitted over the objection made.

The defendant Roach offered to prove before the referee, that the judgment against his co-defendant, Smith, was "rendered upon a pretended cause of action which never justly subsisted, and was fraudulently procured." This offer was rejected, and the ruling excepted to. It was not competent to thus attack the judgment collaterally, when it was offered as an instrument of evidence only, in this cause. If a judgment can be attacked for fraud in any case, it can only be by a direct proceeding. There was, therefore, no error in this ruling. *Mason* v. *Messinger & May*, 17 Iowa, 261.

*2. —— judgment cannot be collaterally impeached.*

The only other question made, is as to the sufficiency of the proof to establish the conveyance by Christopher Smith to the defendant Roach, to be a fraudulent one, and upon this question we have not a shadow of doubt, that, in the eyes of the law as well as in fact, it is a fraudulent conveyance. It would unnecessarily incumber our reports to state at length the facts proved, or to show the circumstances manifesting the fraud. A few facts may be briefly stated. The defendant Roach was in moderate circumstances and not able to make the purchase; he swears the consideration was eleven hundred dollars, while the deed itself states it to be eighteen hundred and forty; the consideration as stated on oath by Roach and Smith was two hundred dollars cash, and the balance to be paid in boarding defendant Smith, at two hundred dollars per year; and this, too, with the very favorable circumstance in favor of Roach, that if Smith left before he boarded the land all out, he, Roach, was not to pay any thing more; and both of them also swear that the great inducement to the sale was that Smith was going to leave the country, and when Roach's attention is called to the fact of the discrepency between his sworn statement as to the consideration agreed to be paid for the

land, and the amount stated in the deed, he accounts for it by stating that he, Smith, left the difference for Roach's wife, who was Smith's sister, and had been working for him. It was also shown by Roach's own testimony or answers to interrogatories, that he knew of the differences between plaintiff and his co-defendant, and of the speaking of the slanderous words before he took his deed, and quite probably before his verbal contract. There are many facts besides these, and altogether they exclude every doubt as to the correctness of the finding of the referee, and the judgment of the District Court is

Affirmed.