## VAN GORDER v. HANNA, ADM'R, ET AL.

1. **Tax Sale and Deed:** ACTION TO REDEEM FROM: PARTIES: ONLY RECORD INTERESTS RECOGNIZED. Under § 893 of the Code, in an action to redeem land from a tax sale, it is necessary to make parties defendant only those "persons claiming an interest in the land derived from the tax sale, *as shown by the record.*" Consequently, where a mortgagee of record under the tax title had assigned the notes secured by the mortgage to another, but no assignment of the mortgage was recorded, *held* that the assignee was not a necessary party to an action to redeem, and that a decree against all the parties of record, including his assignor, declaring the title to be in the plaintiff, "free and clear of all claims, liens and interests of said defendants, and that the claims and interests of said defendants in said lands be forever barred and quieted," was binding on the assignee, and that it resulted in extinguishing his mortgage as a lien upon the land.

2. **Judgment**: NOT ASSAILABLE BY ONE NOT A NECESSARY PARTY. One who is not a necessary party to an action, and not a party in fact, cannot assail the judgment rendered therein on the ground that it was obtained by fraud.

*Appeal from Audubon District Court* — HON. C. F. LOOF-BOUROW, *Judge.*

THURSDAY, OCTOBER 13.

THIS is an action for the foreclosure of a mortgage. The defendant John E. Hume, by an answer and cross-bill, claims that he is the owner and holder of a mortgage upon the land which is a superior lien to that of the plaintiff.

*Willard & Fletcher* and *C. A. & J. G. Berry*, for appellant.

*H. F. Andrews*, for appellee.

ROTHROCK, J.— It appears from the evidence that the land in controversy was purchased from the United States by one John W. Kirk, in the year 1858. He soon afterwards conveyed the premises to another, and on the 19th day of July, 1875, the title was in Alex. F. Hume, who made a gift of the property to his minor son, John E. Hume, the appellant herein. A deed was on that day made, by which it was intended to convey the land from the father to the son; but, by a mistake in writing the deed, the land in controversy was omitted therefrom, and other lands, which the grantor did not own, were described therein. This mistake was discovered on the 6th day of August, 1877, when a new deed was made correcting the mistake made in the first deed.

1. TAX sale and deed: action to redeem from: parties: only record interest recognized.

The taxes on the land of 1875 were not paid, and on the 2d day of October, 1876, the same was sold by the treasurer of the county, at tax sale, to one R. J. Fish; and on the 28th day of October, 1869, the treasurer made a deed to said Fish in pursuance of the tax sale. In April, 1880, said

Fish conveyed the land to Charles Van Gorder, and in March, 1881, Van Gorder conveyed the land to one William Duling, who at the same time, and to secure part of the purchase-money, made the mortgage upon which plaintiff's suit is based. This mortgage was recorded April 4, 1881. In a short time thereafter, Van Gorder sold the notes secured by the mortgage to one Bush. The sale was effected by indorsing the notes in blank, and by delivering the mortgage to Bush without indorsement. There was nothing of record showing the transfer of the notes and mortgage from Van Gorder to Bush. Bush died in 1882, and the plaintiff was appointed administrator of his estate, and is now acting in that capacity; and, as such administrator, he commenced this suit to foreclose said mortgage.

John E. Hume was the owner of the patent title, and, as such, on the 20th day of March, 1884, and within one year after he arrived at the age of 21 years, he commenced an action to redeem the land from the tax sale. He made Charles Van Gorder, and the heirs and representatives of Duling, the mortgagor, parties defendant. All of the parties defendant were personally served with notice of the pendency of the action, and the record shows that all of them appeared thereto, and a decree was entered setting aside the tax sale and deed. Said decree contains the following recitals: " That plaintiff's title in and to said lands be established and held to be forever quieted in him, and that the defendants are hereby forever barred and estopped from asserting or claiming any interest or lien in and to said lands and real estate, adverse to plaintiff and his interest therein, upon payment by plaintiff to defendants in full, for all taxes paid by defendants or their grantors in said described land, both prior and subsequent to the date of said tax deed, and all penalties, costs and interest thereon. Therefore comes plaintiff, with consent of all defendants. Said plaintiff paid to said defendants in full for all claims for said taxes, penalties, costs and interest thereon that said defendants claimed, and that said

defendants hereby acknowledge said payments being made to them. It is therefore considered and adjudged that the plaintiff has made such payments and such satisfaction in full to defendants, and that said plaintiff has redeemed said lands from said tax sale and said tax deed, and all taxes, penalties and costs and interest arising therefrom, and all taxes paid thereon subsequent thereto, by all of said defendants and their grantors. It is therefore considered and adjudged that plaintiff is the owner in fee-simple of said described land, and that he holds the same free and clear of all claims, liens and interest of said defendants, and that the claims and interests of said defendants in said lands be forever barred and quieted."

It will be observed that this decree is a full, absolute and unqualified adjudication that the redemption money was paid in full by John E. Hume, and the tax deed, and all rights accruing thereunder, were avoided, set aside and held for naught. On the same day that this decree was entered, John E. Hume sold and conveyed the land to one Hilsabeck, and took a mortgage from him to secure the purchase-money. It is this mortgage which he sets up in this action as being prior and superior to the plaintiff's mortgage.

Upon the face of the record, and without any other evidence than such as is of record, it would seem that the redemption decree not only extinguished the tax title, but the mortgage founded thereon. It is insisted, however, that, as the tax-title mortgage had been sold and transferred to Bush, and as Van Gorder was made a party to the action for redemption as an individual, and not in his representative capacity as administrator of Bush, the decree is not binding upon the estate of Bush. This involves the question whether it was necessary, in order to effect a full redemption, that Bush, if living, or his representatives, if he was deceased, were necessary parties to the action to redeem. The action to redeem land sold for taxes is a statutory proceeding. It is provided by section 893 of the Code that "any person entitled to

redeem lands sold for taxes, after the delivery of the deed, shall
redeem the same by an equitable action in a court of record,
in which all persons claiming an interest in the land derived
from a tax sale, as shown by the record, shall be made
defendants, and the courts shall determine the rights, claims
and interests of the several parties, including liens for taxes
and claims for improvements made on the land by the person
claiming under the tax title.        *        *        *. "

The petition in that case made all persons parties defend-
ant who claimed an interest in the land derived from the tax
sale, " *as shown by the record.*" No other parties were
necessary to be made. Of course, the claim made by coun-
sel, that the indorsement of the notes secured by the mort-
gage carried with it the mortgage security, is a general and
unquestioned principle of the law. But this equitable assign-
ment of a mortgage, based upon a tax title, can have no force
or application against the owner of the patent title who has
redeemed the land in the method prescribed by law. It was
his right to redeem, and the law pointed out and designated
the parties defendant necessary to be made to effect the
object. If Van Gorder and Bush desired to preserve any
rights under the mortgage, they should have made such
claim of record by an assignment of the mortgage; and it
was the duty of Van Gorder, when he was made a party to
the action, to make some sign of resistance to a decree which
would have protected, not only his own interest, but those
whom he represented. The rule of procedure invoked by
the plaintiff would practically defeat an action for redemp-
tion as against the assignees of notes secured by a mortgage
founded upon the tax deed. It would impose upon the
redemptioner the difficult, and oftentimes fruitless, under-
taking of ascertaining the owner of every note secured by
the mortgage. It is not an unreasonable requirement to compel
the holder of the note to take an assignment of his interests
in the mortgage and make it of record.

It is further claimed that the redemption decree was pro-

cured by fraud. That plaintiff is in no position to attack the decree upon this ground, either in his personal or representive capacity. We have seen that under the statute the representatives of Bush were not necessary parties to an action for redemption, and the plaintiff, as administrator, has no right to attack the decree, because he was not a necessary party thereto; and it appears to us (though the question we do not determine) that he would have no right to complain of it against him personally, because it cannot be attacked collaterally by the parties to it.

**2. JUDGMENT: not assailable by one not a necessary party.**

A question is made as to whether John E. Hume is the owner of the notes secured by the mortgage which he seeks to foreclose in this action. It appears to us that the evidence shows that he is the owner of all of said notes, excepting one for $200, being the first one named in the mortgage. The evidence shows that he had sold this note to a person not a party in the action.

The decree will be reversed, and a decree will be entered declaring that the mortgage of Hume is a valid lien upon the land, excepting as to said $200 note; and that the mortgage of the plaintiff is not a lien, it having been extinguished by the decree redeeming the land from the tax sale.

REVERSED.