<hr/>

## Eck v. Swennumson.

1.  **Tax Sale:** TO MORTGAGEE: DEED INVALID AS AGAINST PURCHASER UNDER MORTGAGE.  The holder of a first mortgage on land bid in the the land at tax sale.  Afterwards he foreclosed his mortgage and assigned his judgment to plaintiff, who caused the land to be sold thereunder, and himself became the purchaser, and in due time the sheriff executed to him a deed therefor.  The defendant herein became the owner of the certificate of purchase at tax sale by assignment from the mortgagee, and thereon a treasurer's deed was issued to him.  *Held* that neither the mortgagee nor one claiming under him could thus, by means of a tax deed, defeat the title of the mortgagor, or of the purchaser under the mortgage.  (*Fair v. Brown*, 40 Iowa, 209, and *Garrettson v. Scofield*, 44 Id., 35; followed in principle.)

*Appeal from Chickasaw District Court*—HON. L. O. HATCH, Judge.

WEDNESDAY, DECEMBER 14.

THIS was an action in equity to set aside a treasurer's deed

of certain lands, and quiet plaintiff's title thereto. The judgment was for plaintiff, and defendant appeals.

*A. C. Boylan*, for appellant.

*Hiram Shaver*, for appellee.

REED, J.—On the 27th of May, 1878, Ole J. Overwold, who was then the owner of the premises in controversy, executed to S. Swennumson a mortgage to secure an indebtedness of $1,200. On the 30th of March, 1881, Swennumson recovered a judgment against Overwold foreclosing said mortgage, and on the same day he assigned said judgment to plaintiff. In February, 1885, plaintiff caused the premises to be sold on special execution issued on such judgment, and bid them in for the amount of the indebtedness, and costs; and on the 7th of April, 1886, the sheriff executed a deed to to him under said sale. On the 10th of November, 1879, the property was sold by the county treasurer for the delinquent taxes of 1878, and was bid in by Swennumson; and on the 23d of March, 1883, he assigned the certificates of purchase to John J. Swennumson, to whom the treasurer gave a deed on the 13th of September, 1884; and he subsequently gave to defendant a conveyance of the premises.

It will be observed that S. Swennumson was the owner of the mortgage when he bid in the premises at tax sale, and that he still held the certificates of purchase when he assigned the judgment of foreclosure to plaintiff. One of the grounds upon which plaintiff demands relief against the tax deed is that, as Swennumson had the right to pay the taxes for the protection of his security, his purchase at the tax sale should be regarded merely as a payment of them, made for that purpose, and consequently neither he, nor any person holding under him, could acquire title under the certificates; and we think this position should be sustained. It was held in *Fair v. Brown*, 40 Iowa, 209, and *Garrettson v. Scofield*, 44 Iowa, 35, that a junior mortgagee cannot, by bidding the property

in at tax sale, acquire title, and thereby defeat the senior mortgage; and in the former case it is said that he cannot by that means acquire title as against the mortgagor. The ground of the holding is that, as the party had the right to pay the taxes for the protection of his security, it would be inequitable to permit him to acquire title by purchasing the property for the delinquent taxes, and thereby defeat the lien of the senior mortgage, and cast upon the mortgagor the weight of both his own and the senior lien. Plaintiff's equities are equally as strong as would be those in favor of a senior mortgagee or the mortgagor. He in fact stands in the place of the latter, for by his purchase under the foreclosure he acquired all his estate and rights in the land.

The judgment of the district court will be

AFFIRMED.