J. T. LANE, Appellant, v. GEORGE G. WRIGHT, JR., AND
FRANK RICHART, Appellees.

Judgment Creditors: RIGHTS OF: PURCHASE OF TAX CERTIFICATE;
REDEMPTION. Equity will not permit one of several judg-
ment lien holders to acquire a tax title to the disadvantage of
the others standing in a similar relation to the same property,
but will treat him as a redemptioner with a preferred lien to
the extent of the sum paid to redeem.

*Appeal from Polk District Court.*—HON. W. F. CONRAD,
Judge.

SATURDAY, OCTOBER 17, 1903.

ACTION in equity to quiet plaintiff's title to land in
Polk county. Decree dismissing the petition, and plain-
tiff appeals. —*Reversed.*

*John Newburn* and. *C. C. Cole* for appellant.

*Carr, Hewitt, Parker &. Wright* for appellees.

WEAVER, J.—The record is somewhat confused as to
the manner in which this case was disposed of by the trial
court. The petition was amended several times, and was
demurred to in its amended as well as original form, and
the abstract states that the demurrer was sustained. But
it is also averred that there was a trial to the court, testi-
mony introduced, and, after both parties had rested, a
decree was entered which recites a hearing and trial upon
evidence, and adjudges plaintiff not entitled to the relief
demanded. It is, perhaps, not very material whether we
treat the final judgment as entered upon the trial of an
issue of fact or upon the demurrer, but we are disposed to
regard the recitals of the decree as conclusive, and treat

the case as having been tried and decided upon its merits. The following statement of facts will make plain the nature of the dispute presented by the appeal: The plaintiff, Lane, and the appellee Wright were severally the holders of judgment liens upon the land in controversy; the former being senior in point of time. Under an execution entered upon the junior judgment the land was sold to Wright June 20, 1896. In the following year, under execution entered upon the senior judgment, the same land was sold to Lane, who took a sheriff's deed therefor January 26, 1899. At the date of the sheriff's sale to Wright there was an outstanding and unredeemed sale of said land for delinquent taxes, the certificate of which was held by one Tris. Wright did not take a sheriff's deed under his execution sale, although no redemption therefrom was ever made, but obtained an assignment of the certificate of tax sale, upon which the county treasurer issued a tax deed January 3, 1898. Thereafter, and before this suit was commenced, Wright conveyed the land by quitclaim deed to the defendant Richart. There is question made of the sufficiency of the description by which the land was taxed, and by which it was sold at tax sale; but for the purposes of this branch of the case we assume the description to be correct. The point made, and one which we think decisive of this appeal, is that Wright, as the holder of a lien upon the land, and of a sheriff's certificate of a sale thereof, cannot be allowed to defeat the senior lien by obtaining a tax deed, and that in equity his purchase of the certificate of tax sale must be considered and treated as a redemption.

We regard it as a well-settled proposition under the decisions of this court that, where several persons hold claims which are liens upon the same land, equity will not permit one of the lienholders to absorb the common fund by purchasing the land at tax sale. In *Fair v. Brown*, 40 Iowa, 209, the plaintiff was the holder of a

mortgage lien upon certain land. The defendant Weiser was the holder of a senior judgment lien and of a junior mortgage upon the same premises, and sought, as did the appellee Wright in this case, to defeat plaintiff's lien by the purchase of outstanding certificates of tax sale and obtaining deed thereon. As is now done by the appellee, Weiser sought to escape the point made against the tax deed by urging that he was under no legal obligation to pay the tax and therefore could rightfully make the purchase and acquire an indefeasible title. To this contention we said that, notwithstanding he was bound neither by law nor contract to pay the delinquent tax, yet "the land is a common fund for the payment of plaintiff's mortgage and defendant's liens. Defendant was authorized to redeem from the tax sale. *Rice v. Nelson*, 27 Iowa, 148. Equity will not permit him to acquire the title for an inconsiderable sum, when he was authorized to remove the trifling incumbrance by redemption. Though not bound to pay the tax, yet it was his right to do so to protect his own liens. He cannot obtain that protection by pursuing a course that will deprive the mortgagee of his security, and leave the mortgagor to sustain the weight of liens which are personal judgments, after being deprived of his property by tax title. Equity will relieve against such oppression, and teach the grasping creditor moderation in his demands, and that he cannot destroy others to build up his own fortunes." In *Garrettson v. Scofield*, 44 Iowa, 37, we cited and approved this principle, saying: "The defendant Scofield and the plaintiff were both mortgagees, and both claiming interest in the land to the extent of their respective mortgages; and while it is true there was no absolute duty resting upon either to pay the taxes, yet they had such an interest in the land as to make it necessary to do so in order to properly protect the title. Under these circumstances we do not believe that the payment of taxes by either at the tax sale should entitle him to the

statute penalties." The same doctrine was reiterated in *Eck v. Swennumson*, 73 Iowa, 423. See, also, *Manning v. Bonard*, 87 Iowa, 648; and *Cowdry v. Cuthbert*, 71 Iowa, 733. In each one of the cited cases there was no legal obligation to pay the taxes resting upon the party asserting the tax title, but in each it was held that a person having the right to redeem from tax sale cannot, by refusing or neglecting to exercise that right and becoming a purchaser at the sale, extinguish the liens held by others upon the property so obtained. As is illustrated by these precedents, it is not required that a party shall be vested with ownership of the property in the sense of holding title to it in order to come within the influence of this rule. The term "owner," as used in determining who may redeem from tax sale, has been construed to include mortgagees, judgment creditors and holders of contingent interests in the land affected by the sale. *Adams v. Beale*, 19 Iowa, 61; *Swan v. Harvey*, 117 Iowa, 58. The principle which involves the rule denying the right of one lienholder to obtain a tax title to the disadvantage of others in similar relation to the common security seems to be that, as the law gives each of them the right to protect the security by making a redemption, and gives the redemptioner a preferred lien to the extent of his disbursement for that purpose, it would be inequitable to permit him to waive such right and become a purchaser at the sale, and thus, by an expenditure not greater than would have been required to pay the tax, exclude his fellow lienholders from all participation in the common fund. The proposition seems to be entirely just, while the opposite rule would often bring about manifestly inequitable results. We conclude, therefore, that the purchase of the certificate of tax sale by the appellee Wright must be treated as a redemption, and the tax deed issued to him on such sale be declared void. The appellee Richart holds under a quitclaim deed from his co-defendant Wright, and occupies

no stronger position in this controversy than his grantor. Our views upon this branch of the case render it unnecessary to consider the question raised concerning the description of the land as advertised and sold by the treasurer.

The judgment below is reversed, and cause remanded for further proceedings in harmony with this opinion.— REVERSED.