CEDAR RAPIDS COLD STORAGE COMPANY, Appellant, v. ANNA R. LESINGER et al., Appellees.

**FORCIBLE ENTRY AND DETAINER:** Enforcement of Order Against Stranger. A judgment of removal in forcible entry and detainer proceedings may not be enforced against one who, at the time of the commencement of the proceeding, and at the time of the attempted enforcement of the judgment, was in actual possession of the property, and had never been made a party to the proceedings.

*Appeal from Cedar Rapids Superior Court.*—ATHERTON B. CLARK, Judge.

MAY 15, 1920.

ACTION to restrain the enforcement of a judgment for forcible entry and detainer, on the ground that the plaintiff was in the actual possession of the premises at the time the judgment of ouster was entered, and was not made a party to the proceeding, and had no notice of the proceeding, and that its rights, therefore, were not adjudicated and determined. Judgment for the defendant in the court below. Plaintiff appeals.—*Reversed.*

*W. J. Barngrover,* for appellant.

*Barnes, Chamberlain & Hanzlik,* for appellee.

GAYNOR, J.—This action is in equity, to restrain the defendant from enforcing against the plaintiff a judgment of ouster, obtained by her in a justice court, in a proceeding for forcible entry and detainer, in which she was plaintiff, and one William Tehel was defendant.

We may assume that defendant rented the premises in question to William Tehel; that, thereafter, she instituted proceedings for forcible entry and detainer against him in justice court, and obtained judgment against him for the

possession of the premises in controversy; that a writ of ouster issued upon said judgment, directing the proper officer of the court to remove Tehel from the premises. It appears, however, that the rental accruing after the lease was made, was paid by checks signed by this plaintiff. The undisputed evidence shows that, immediately after the premises were leased to Tehel, the plaintiff, a corporation, went into possession, and has occupied the same ever since, and was in the actual possession at the time defendant brought her suit against Tehel; that it furnished and used the premises for the purpose of carrying on the business in which it was engaged; that all the property on the premises during the lease was the property of this plaintiff, and that Tehel was simply the president, treasurer, and local manager of the plaintiff corporation.

It is conceded in- this record that no notice was served on the plaintiff to terminate its right of possession, if any right it had. It is conceded that no suit was ever brought against this plaintiff to oust it from the possession of the premises. It was not made a party to the suit brought against Tehel, and was not served with any notice requiring it to appear and defend against that suit. The only notice served, in the forcible entry and detainer proceedings, was a notice on Tehel, but not served on him as an officer of the defendant company. In that proceeding, Tehel alone appeared. Tehel alone defended, and the judgment of ouster was against Tehel alone. It is conceded that plaintiff was in possession at the time this suit was brought, and is still in possession, claiming some right to possession. Whatever right it had or has to the possession has never been terminated by statutory notice, or by any legal proceedings. The action for forcible entry and detainer does not involve a question of title. It involves only the question of possession, and the right to possession. One in possession of real estate, whether his possession be right-

ful or wrongful, cannot be ousted under proceedings for forcible entry and detainer, except by compliance with the requirements of the statute. The remedy is statutory, and is allowable only:

"1. Where the defendant has by force, intimidation, fraud or stealth entered upon the prior actual possession of another in real property, and detains the same;

"2. Where a lessee holds over after the termination or contrary to the terms of his lease;

"3. Where the defendant continues in possession after a sale by foreclosure," etc. Section 4208, Code, 1897.

Before this action can be brought, in any except the first of the above cases, three days' notice to quit must be given to the defendant in writing. The action must be by petition, which must be sworn to, and the time for appearance must be not less than two nor more than six days from the completed service of notice, except where the action is brought in the district or superior court. If the defendant is found guilty, judgment shall be entered that he be removed from the premises, and that plaintiff be put in possession thereof, and the execution for his removal shall issue, to which shall be added a clause commanding the officer to collect the costs, as in ordinary cases.

In *State v. Smith,* 101 Iowa 369, this court held that a writ against one person, claiming as tenant, will not be valid as against another person, claiming as an underlessee from such tenant, if the underlessee was in possession before the commencement of the proceeding.

It is elementary that no one is bound by a judgment obtained in a proceeding to which he is not a party. A corporation is a distinct, legal entity, distinct from that of its officers. There is a clear distinction between the binding force of a judgment irregularly obtained and the binding force of a judgment to which one is not made a party. Where one is a party to a proceeding, and judgment

is irregularly obtained, and a suit in equity is brought to restrain the enforcement of the judgment, the party seeking to evade the effect of the judgment on account of the irregularity must show that he has some defense to the judgment which would be available to him in the event that the right involved in the judgment were sought to be enforced against him.    A court of equity does not interfere with judgments at law unless the complainant has an equitable defense of which he could not avail himself at law, because it did not amount to a legal defense, or had a good defense at law which he was prevented from availing himself of, by fraud or accident, unmixed with negligence.    Here, the defendant was seeking to enforce process against this plaintiff, issued upon a judgment to which this plaintiff was never made a party.    Through such process, the defendant was seeking to deprive the plaintiff of the possession of premises to which defendant's right of possession had never been adjudicated or determined.    Defendant never had this plaintiff in court on its right to the possession of the premises in controversy.    The court, therefore, should have sustained the contention of the plaintiff, and restrained the defendant from enforcing the process issued in the action of forcible entry and detainer, in so far as this plaintiff was concerned, and should have restrained the defendant from removing the plaintiff from the premises in controversy, under the process issued upon the judgment against Tehel, on the simple ground that the plaintiff was not a party to said judgment, had no notice of the proceeding that led up to the judgment, was in actual possession of the premises at the time forcible entry and detainer proceedings were commenced, and was still in possession, with his right to the possession not determined.

For the reasons aforesaid, the judgment of the superior court is—*Reversed*.

Weaver, C. J., Ladd and Stevens, JJ., concur.