## ISAAC PHELPS v. PALMER CHURCH.

*Bills and notes—Action against all parties liable thereon—Judgment —Indorsement of guaranty.*

1. Under How. Stat. §§ 7345, 7346, a suit may be brought against *all* parties to promissory notes, including guarantors of payment, on a common-count declaration, with service of a copy of the note and its indorsements; and a judgment against any of the parties against whom plaintiff could have proceeded separately is authorized by How. Stat. § 7355. It is impossible, therefore, for any party, unless a joint contractor, to complain of failure to take judgment against any other party joined with him in the suit.

2. An indorsement of guaranty *in blank* is a *complete* act, and, if made by a payee or other party holding title, passes the title with the obligation.

Case made from Kent. (Montgomery, J.) Argued February 9, 1887. Decided February 15, 1887.

Assumpsit.   Defendant brings error.   Affirmed.   The facts are stated in the opinion.

*Frank L. Carpenter*, for appellant.

*Thompson, Kennedy & Temple*, for plaintiff.

CAMPBELL, C. J.   Suit was brought against defendant and one Rollin H. Pelton by declaration on the common counts, with the following note and guaranty appended:

" $150.00.        GRAND RAPIDS, MICH., February 25, 1882.

"Six months after date I promise to pay to the order of R. H. Pelton, of Tallmadge, Ottawa Co., one hundred and fifty dollars at Savings Bank in Grand Rapids, Mich., value received, with interest at 8 per cent. per annum, payable semi-annually.        PALMER CHURCH."

Indorsed on the back:

"For value received, I guarantee the payment, waive presentation and demand of payment at maturity, and will pay all costs of collection, with annual or *pro rata* interest at ten per cent. on this note till collected.
        "ROLLIN H. PELTON.
"Rec'd int. to August 25, 1882."

The defendants pleaded separately; Church setting up special defenses of fraud and no consideration and offset, and Pelton pleading the general issue.

When the case came on for trial, defendant Church, when the note was offered in evidence, objected to its reception on the ground that the declaration was joint, and did not set out that this note was the sole cause of action, and that such an indorsement as Pelton made did not bring the case within the statute allowing several defendants to be concurrently declared on, and did not pass title in the note.   This was overruled.   After the case had been tried, and before judgment, plaintiff asked leave to discontinue as to Pelton, to which Church's attorney objected.   Afterwards a stipulation between plaintiff's and Pelton's attorneys was filed for such discontinuance, and an order was entered by leave of court.

A finding was thereafter made, and judgment rendered against Church. This finding was, in substance, that Church made and delivered the note to Pelton, and Pelton delivered it to plaintiff, indorsed as above set forth, with intent to pass the title, and bind himself as guarantor. No attempt was made to have any other facts passed on or incorporated, and no other facts were found, or, so far as appears, offered to be shown by Church.

The judgment is brought into this Court by writ of error, and errors are assigned against the admission of the note in evidence under the pleadings, on the discontinuance, and on the effect of Pelton's indorsement.

Under the statute, suit may be brought against all parties to promissory notes, including guarantors of payment, and the declaration may be on the common counts, with service of a copy of the instrument and its indorsements. How. Stat. §§ 7345, 7346. By section 7355 it is provided that the plaintiff need not include all parties in one judgment, but may have judgment against any of the parties against whom he could have proceeded separately. It is impossible, therefore, for any party to complain of failure to take judgment against some one else, unless that person is a joint contractor. Pelton did not occupy any such position here. He was a guarantor, and not a joint maker, and permission to discontinue as against him could not affect Church's liability.

The statute was meant to remove, and not to favor, reliance on technical informalities; and, while we see nothing out of the way in this case, we should not feel justified in reviewing an order of discontinuance which is in accordance with justice, and cannot possibly harm the defendant not dismissed from the suit, who is a sole promisor.

The claim that the paper did not pass to plaintiff is not well founded. The court found it did so as a matter of fact, and was so intended. The indorsement was made by the party to whose order it was payable. It is not necessary that

the indorsement itself should be negotiable in order to enable the original and first indorsee to sue the maker. Whether the guaranty of payment was or was not negotiable, it was upon its face intended to be operative to some holder; and it was held in *Thomas v. Dodge,* 8 Mich. 51, where the guaranty was one of collection merely, that no name need be mentioned in it, but that it became operative in favor of the party to whom it was delivered. Since the statutes have made both guaranties of collection and guaranties of payment negotiable, there is still less reason for holding otherwise.[1] An indorsement of guaranty in blank is a complete act, and, if made by a payee or other party holding title, passes the title with the obligation.

We see no error in the judgment, and it must be affirmed.

The other Justices concurred.