LORIMER v. WAYNE CIRCUIT JUDGE.

1. CONTRACTS—PLEADING—DECLARATION—JOINT AND SEVERAL OBLI-
GATION.
   A declaration charging that defendants, "and each of
   them," employed plaintiffs to perform certain services for
   them, and that afterwards they, "and each of them."
   agreed to pay therefor, *held*, to charge a joint and several
   indebtedness.

2. SAME—ACTION—JOINT AND SEVERAL OBLIGATION.
   Under 3 Comp. Laws 1915, § 12366, creditors to whom
   debtors are jointly and severally liable may proceed
   against them either jointly or severally in whole or in
   part.

3. JUDGMENT—JOINT AND SEVERAL OBLIGATION.
   Although plaintiffs proceeded against all of the persons
   jointly and severally liable on a contract for services, they
   could, under the judicature act (3 Comp. Laws 1915, §
   12802), take judgment against only part of them.

Mandamus by Andrew Lorimer and George D.
Lorimer, copartners as John Lorimer's Sons, to com-
pel John H. Goff, circuit judge of Wayne county, to
vacate an order denying a motion to set aside a judg-
ment.    Submitted October 4, 1921.    (Calendar No.
29,455.)    Writ denied December 21, 1921.    Rehear-
ing pending.

*Francis L. Sward* (*Edward A. Barnes,* of counsel),
for plaintiffs.

*Charles Wright, Jr.* (*Thomas B. Moore,* of counsel),
for defendant.

BIRD, J.    Plaintiffs ask for a writ of mandamus
to compel defendant to vacate his order, overruling
their motion to set aside a judgment rendered against
them in the Wayne circuit court in the case of John

W. Beaumont, Hal H. Smith and Julian H. Harris, against plaintiffs in this suit and several co-defendants. It appears of record that Beaumont, Smith & Harris brought suit against plaintiffs therein and several other defendants, including the Detroit Coal Exchange, a voluntary association, of which plaintiffs were members, to recover for legal services rendered in their behalf before the interstate commerce commission. The suit was commenced by summons on August 3, 1917. On August 18th, Beaumont, Smith & Harris filed their declaration, which contained a special count, and also the common counts. Subsequently, and on November 24, 1917, plaintiffs and one or two of the other defendants were duly defaulted for nonappearance, and on the same day other defendants were defaulted for failure to plead, and on December 13, 1917, a judgment was taken against plaintiffs and one other defendant for the whole amount due Beaumont, Smith & Harris. Subsequently judgment was rendered against some of the other defendants. When judgment was taken against plaintiffs some of the defendants had not appeared and some had not been served with process and some of the defendants had not pleaded.

The judgment taken against plaintiffs rested, with no action taken thereon until June 22, 1920, when an execution was taken out thereon. When plaintiffs learned of this they moved to set aside the judgment and recall the execution issued thereon. They contend that the court was without jurisdiction to render the judgment in the then state of the pleading, because: (a) The allegations of the declaration do not show that the contract was several as well as joint. (b) Because the plaintiffs elected in their process and pleading to treat the obligations of defendants therein as joint. This they did by bringing suit against all and declaring against all. Ha.ing made this elec-

tion the only judgment they could take would be a joint judgment against all.

*a.* The declaration charges that defendants, and each of them, employed plaintiffs to perform certain services for them, and that afterwards they, and each of them, agreed to pay therefor. This language clearly charges a joint and several indebtedness. If it does not, it would be pretty difficult to understand what the words "and each of them" were inserted in the declaration for. In *Carter* v. *Carter,* 2 Day (Conn.), 442, a controversy arose as to whether the obligation was joint or joint and several,

"we bind ourselves, and each of us, our executors and administrators, and each of them,"

—and it was held by the court that the obligation was a joint and several one. See, also, 13 C. J. pp. 577, 580.

*b.* But counsel insist that if it should be determined that the obligation was both joint and several the judgment is void, because the judgment was taken against only a few of the defendants, whereas it should have been taken against all. The statute which authorizes this procedure is the following:

"It shall be lawful for any plaintiff to include in one action as defendants, all or any of the parties who may be severally, or jointly and severally liable, and to proceed to judgment and execution according to the liability of the parties." 3 Comp. Laws 1915, § 12366.

This section of the statute undoubtedly gave plaintiffs the right to proceed against the defendants either jointly or severally, in whole or in part, but this does not quite reach the plaintiffs' contention in this suit. Counsel insist that after Beaumont, Smith & Harris. elected to proceed against all, then that course must be pursued to the end. Our attention is called to the following statute, which, it is said, justifies the action

of plaintiffs in taking judgment against only a portion of the defendants:

"In any action against two or more defendants, judgment may be rendered for the plaintiff against some one or more of the defendants, and also in favor of some one or more of the defendants against the plaintiff, according as the rights and liabilities of the respective parties shall appear, either upon confession, default, by pleading or on trial." * * * 3 Comp. Laws 1915, § 12802.

This section appears to have changed the old rule contended for by plaintiffs. It appears to authorize the taking of judgment against a part of the defendants, either upon default or on the trial. The section last quoted was a new section with the advent of the judicature act, and we are persuaded that it was passed for the purpose of enabling a plaintiff to do what was done in this case.

Having decided that the contract sued upon is a joint and several one plaintiffs cannot complain that judgment was not taken against some other defendant. *Phelps* v. *Church*, 65 Mich. 231.

In view of these considerations the writ is denied.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.