MARINE TRUST CO. OF BUFFALO v. RODEN.

1. ACTION—JUDICATURE ACT—JOINDER OF DEFENDANTS PERMISSIVE.
   The provisions of the judicature act (3 Comp. Laws 1915, § 12366) making lawful the joinder of defendants is permissive and not mandatory.

2. SAME—JOINDER OF ACTION.
   Causes of action arising out of entirely separate and distinct contracts need not be joined, although they are of such a character that a joinder would be permissible.

3. JUDGMENT—NEGOTIABLE INSTRUMENTS—ACTION AGAINST MAKER DOES NOT BAR ACTION AGAINST INDORSERS.
   Indorsers not being joint makers of a note under the negotiable instruments act (2 Comp. Laws 1915, § 6104), their contract is not the contract of the maker, nor is his contract their contract (section 6041), therefore an action against the maker does not bar a subsequent action against the indorsers, the liabilities of the parties being different.

Error to Kent; Perkins (Willis B.), J. Submitted April 6, 1922. (Docket No. 32.) Decided June 5, 1922.

Assumpsit by the Marine Trust Company of Buffalo against Michael Roden and others as indorsers on a promissory note. Judgment for plaintiff. Defendants bring error. Affirmed.

*Smedley, Linsey & Shivel,* for appellants.

*Knappen, Uhl & Bryant,* for appellee.

FELLOWS, C. J. On November 12, 1919, Crohon & Roden Co., Ltd., executed its promissory note to plaintiff in the sum of $40,000 payable three months after

date. Before delivery, these defendants together with B. Crohon (now deceased), indorsed the note on the back thereof. Some payments were made on the note but a considerable sum remaining unpaid plaintiff brought suit in the circuit court of Kent county against Crohon & Roden Co., Ltd., and recovered judgment for the balance due. The affairs of Crohon & Roden. Co., Ltd., were placed in the hands of a receiver by the Federal court about the time the judgment was rendered and plaintiff there filed a claim based on its. judgment. Nothing has been collected on that judgment. This action is brought against the surviving indorsers, the paper having been properly protested. But one question is presented upon this record and that is whether this suit against the indorsers is barred by the suit against the company and the filing of that judgment as a claim in the receivership proceedings.

The provisions of the judicature act making lawful the joinder of defendants (3 Comp. Laws 1915, § 12366) is permissive and not mandatory. *Lorimer* v. *Wayne Circuit Judge*, 216 Mich. 587; and in 1 C. J. p. 1113, where the writer was considering the subject of splitting causes of action, it was said:

"Causes of action arising out of entirely separate and distinct contracts need not be joined, although they are of such a character that a joinder would be permissible." * * *

If the indorsement of this note does not make the indorsers joint makers of the note; if their contract is a separate and distinct contract; their liability a separate and distinct liability; the doctrine of splitting causes of action, of election, does not apply. The case most strongly relied upon by defendants' counsel is *McKinley* v. *Small*, 178 Mich. 555. That case involved a promissory note executed by 11 persons. The contract was a joint one and what was there said had

reference to the case then before the court.   Numerous decisions of this court handed down before the adoption of the negotiable instruments act (2 Comp. Laws 1915, § 6040 *et seq.*) will be found holding that the indorsers of a note before delivery are joint makers. But this rule has been changed by that act.   But two recent cases need be cited to demonstrate this.   In *Westinghouse Elec. & Manfg. Co.* v. *Hupp*, 211 Mich. 698, Mr. Justice STEERE, speaking for the court and having reference to the uniform negotiable instruments act, said:

"The bill to make uniform the law of negotiable instruments recommended by the commissioners on uniform State laws in their national conference has been adopted by Pennsylvania and Michigan as well as most other States.   It is largely a codification of the generally prevailing law upon the subject as settled by legislation and interpretation, the controlling purpose being uniformity with as few changes in the various jurisdictions as were necessary to accomplish that purpose.   It may be noted the act has changed the previous rule in this State as to an indorser before delivery which held him to be a joint maker."

He then quotes provisions of the act and continues:

"It is undisputed that by the terms of those notes the R. C. Hupp Corporation as maker was absolutely required to pay the same, and primarily liable.   The Hupp brothers placed their signatures in blank on the back of the instruments before delivery.   They were not otherwise parties to them, and were casual indorsers secondarily liable."

In *Whitney* v. *Chadsey*, 216 Mich. 604, Mr. Justice BIRD, speaking for the court, said:

"It appears that these notes were indorsed by defendant before delivery to Herrick, and the question is raised, but not strenuously insisted upon, that for this reason defendant was a joint maker and not entitled to notice.   This was undoubtedly the rule in this State before the negotiable instruments act went into

effect in 1905. *Weatherwax* v. *Paine,* 2 Mich. 555; Bunker on Negotiable Instruments, p. 120, and cases. But we are of opinion that the negotiable instruments act changed this rule. Section 65 of the act provides:

" 'A person placing his signature upon an instrument, otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity.' 2 Comp. Laws 1915, § 6104.

"Before the negotiable instruments act was promulgated the courts of the country were divided upon the question as to whether the indorser, under such circumstances, was liable as a joint maker. This rule appears to have been incorporated to clear up that question."

The indorsers not being joint makers of the note their contract is not the contract of the maker, nor is his contract their contract or the same as theirs. Section 2 of the negotiable instruments act (2 Comp. Laws 1915, § 6041) provides:

"The person 'primarily' liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same. All other parties are 'secondarily' liable."

While both contracts related to the same loan they were separate contracts, the liabilities of the parties were different and we find no difficulty in reaching the conclusion that an action against the maker upon his contract does not bar a subsequent action against the indorsers on their contract, that an action against the party "primarily" liable does not bar an action against the party "secondarily" liable.

The judgment will be affirmed.

WIEST, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.