Cedar Rapids National Bank, Appellee, v. Wesley Todd et al., Appellants.

**JUDGMENT:** Default—Setting Aside — Meritorious Defense — Suf-
1  ficiency. The showing pro and con upon the offered excuse for a default may bear very materially upon the sincerity of the defense, and justify the court in finding that the proffered defense is an afterthought.

**RECEIVERS:** Appointment—Vacation of Order — Unallowable Condi-
2  tions—Remedy on Appeal. An order discharging an improperly appointed receiver in a mortgage foreclosure, only on condition that the movent pay certain specified items, will not be set aside on appeal from said imposed conditions when it appears that the movent has, in order to protect his possession, paid said items under protest; but the movent will be given a judgment of restitution for the items for which he was not personally responsible.

**COSTS:** Unallowable Taxation—Attorney Fees for Receiver. The court
3  in mortgage foreclosure proceedings has no right to impose on the defendant an attorney's fee for the receiver.

**PAYMENT:** Recovery of Payments—Payment Under Legal Duress. A
4  person who, under protest and in order to protect his possession of

property, makes payments under an unauthorized order of court, may compel restitution on appeal from said order.

**MORTGAGES:** Foreclosure—Liability for Unpaid Taxes. A mortgagee
5 of real estate who bids in the property at foreclosure sale must be deemed to have computed his bid on the basis of ultimately paying the unpaid taxes then standing against the property. It follows that the mortgagor is not personally liable for said taxes unless he redeems.

Headnote 1: 34 C. J. p. 358. Headnote 2: 4 C. J. pp. 949 (Anno.), 1137. Headnote 3: 27 Cyc. p. 1634 (Anno.) Headnote 4: 4 C. J. p. 1137. Headnote 5: 27 Cyc. p. 1634 (Anno.)

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

APRIL 7, 1925.

AFTER default and decree, the defendants filed a motion to set aside the default, and tendered therewith a defense to the action. After a hearing upon the motion, the trial court denied the same. The defendants also filed a motion to discharge the receiver and set aside the original order appointing the same. The trial court sustained this motion, on conditions. From the order denying the motion to set aside the default, and from the order imposing a condition upon the discharge of the receiver, the defendants have appealed.—*Affirmed on condition.*

*George C. Claassen* and *J. C. Leonard,* for appellants.

*Grimm, Wheeler & Elliott,* for appellee.

EVANS, J.—I. The main action was a purported foreclosure proceeding of a real estate mortgage. Personal service was had upon the defendants within the county on September 11th.

1. JUDGMENT: default: setting aside: meritorious defense: sufficiency.

They suffered default on November 7th, and decree was taken thereon. Special execution was issued, and the mortgaged property was sold thereunder. A receiver also was appointed, pursuant to the terms of the mortgage. A deficiency judgment of $50 was left. There were unpaid taxes against the land, amounting to $173, which had not been included in plaintiff's

decree. Defendants filed their motion to set aside the default in the ensuing December. We infer from the record that such motion was filed after the appointment of the receiver and *before* the execution sale, and that the hearing upon the motion was had *after* the execution sale.

The defense tendered by the defendants was, in substance, that the mortgage foreclosed was spurious, in that it was altered, and contained a description of property not consented to by the defendants. Upon hearing on the motion, it was made to appear that, sometime prior to March 1, 1920, the defendants had signed a written application for a loan, to be made upon a first mortgage covering certain real estate described in the application; that such application was accepted by the plaintiff herein, and the transaction was consummated on March 1, 1920. The mortgage executed on such date, however, omitted, in its description of the property, a certain tract of 16 acres. This omission was an error, as claimed by plaintiff, and was a departure from the description contained in the previous written application. About two years later, this mistake was discovered, and it was rectified by the defendants by the execution of a new mortgage, which was drawn to bear the original date of March 1, 1920. The original mortgage was discharged upon the record, and the corrected mortgage was entered upon the record on February 11, 1922. As a part of the tendered defense, the defendants pleaded that the original mortgage had been satisfied and discharged, and that they had never consented to the description of the property contained in the corrected mortgage, and that such mortgage was, therefore, void.

Their excuse for the default was that they supposed, at the time of the service of the notice, that it had reference to the original mortgage; that they did not know that the plaintiff claimed to hold a second or corrected mortgage; that they never signed a corrected mortgage; that they did sign a blank mortgage which the plaintiff fraudulently used, and wherein the plaintiff fraudulently included a description of property to which the defendants had not consented. Manifestly, the claim that they supposed that the original notice served upon them had reference to the original mortgage is not consistent with a tendered defense that the first mortgage had been satisfied and

discharged. The trial court appears to have reached the conclusion that the defense tendered by them was an afterthought, and that the excuse offered for the delay in presenting such defense and permitting default was not sufficient. Without going into the details of the evidence, it is enough to say that it furnished sufficient support to the ruling of the court. Though it was not open to the plaintiff to contest, as such, the defense tendered, yet the showing made pro and con upon the offered excuse for the default bore naturally upon the sincerity of the defense. The corrected mortgage is before us. The only difference between it and the original mortgage was the inclusion of the 16-acre tract. This is written in typewriting in the very body of a lengthy description. That it was so included in the original draft of this mortgage is rendered plain by an inspection thereof. We discover no sign of alteration upon the face of the paper. The only theory open to the defendants was to say that they signed a mortgage in blank, and that its contents were fraudulently incorporated thereafter. Though this fact was pleaded as a defense, it had also an important bearing on defendants' offered excuse for the default. The original notice contained a specific description of this very property as being involved in the foreclosure. The petition of plaintiff was on file for more than one month prior to default day.

Other pertinent facts appear in the record, which we need not take the space to enumerate.

The most that can be said for the appellants is that the evidence was in conflict. The weight of the evidence pro and con was peculiarly a question for the trial court. A careful inspection of the mortgage involved in the foreclosure reveals to us no sign of previous alteration or tampering. The actual signatures thereto are not denied. This fact of itself lends strong support to the ruling of the trial court. The order denying the motion to set aside the default is, therefore, sustained.

II. Defendants' motion to discharge the receiver was sustained on condition that the defendants pay the deficiency judgment of $50 and the delinquent taxes to the amount of $173

2. RECEIVERS: appointment: vacation of order: unallowable conditions: remedy on appeal.

and an attorney fee of $50 for the receiver. The appeal is from that part of the order which imposed the foregoing as a condition to the discharge. It appears that the defendants paid under protest the sums here recited, and now claim their right to review the order. It is made to appear that the 16-acre tract in question was occupied by the defendants as their homestead, and had been so occupied from a time prior to the execution of the mortgage. The order appointing the receiver empowered him to take possession of such homestead. The order was made pursuant to provisions in the mortgage itself. The foreclosure petition contained no allegation as a basis for the appointment of a receiver. It was not alleged that the security was insufficient, nor that the defendants were insolvent; nor was there any mention of the subject of a receivership in the original notice; nor was there any showing, upon the hearing of the motion to discharge the receiver, that it was necessary to plaintiff's security that a receiver should dispossess the defendants of their homestead. If the trial court had sustained the defendants' motion unconditionally, so far as it related to the homestead, we should have sustained its order. *Gilbert v. Berry*, 190 Iowa 351. Under the statute, the homestead is the last reserve of the mortgagor and the last resort of the mortgagee, and not the first. The trial court did, however, impose a condition upon the sustaining of the order. This condition called for the payment of certain items. The defendants paid such items, and thereby protected their occupancy of the homestead. There is, therefore, no order that we can make upon this appeal that would add to the protection of such occupancy. Even though the court erred in imposing such condition, the payment of the items reduces appellants' right of relief on appeal to a mere money judgment, as restitution for the items paid. In so far as the defendants were personally liable for the items thus paid by them, they would still be liable for them if we reversed the order of the court imposing the payment thereof as a condition to the discharge of the homestead from the possession of the receiver. The deficiency judgment of $50 was a personal liability against them, and they lost nothing by paying it. If we reversed the order requiring such payment, and entered judgment for

the defendants for the amount thereof, such judgment would be subject to offset by the deficiency judgment thus revived. We must hold, therefore, that, in so far as the items paid were personal liabilities, the error of the court worked no legal prejudice, and that we will not enter here a money judgment in favor of the debtor against his creditor, for the very amount which such debtor owes such creditor. This conclusion disposes of the item of $50 of deficiency judgment.

As to the item of $50 for attorneys' fees, the defendants were not personally liable therefor, except as they were made so by the erroneous order of the court. As to this item, we know
**3. Costs: unallowable taxation: attorney fees for receiver.** no warrant for its allowance. The receivership was a mere method of collection of the mortgage. The notes and mortgage contained the usual provision for a statutory attorney fee. These were allowed to the full statutory limit, and included in the decree. We know of no authority or reason why the statute limiting attorney fees should be indirectly expanded through the process of receivership. We hold, therefore, that this
**4. PAYMENT: recovery of payments: payment under legal duress.** item was improperly allowed. The item having been paid by the defendants in obedience to process which was the fair equivalent of an execution, the defendants are entitled to restitution therefor. Such will be the order.

As to the item of $173 for taxes upon the mortgaged premises, the situation has its perplexity. The defendants were not personally liable for such tax, but it would constitute a superior
**5. MORTGAGES: foreclosure: liability for unpaid taxes.** lien upon their property. If they should redeem, then they lost nothing by the payment, and the plaintiff gained nothing. On the other hand, if the plaintiff should acquire a sheriff's deed, pursuant to the execution sale, the reverse is true. Two courses were open to the plaintiff, as mortgagee. It could have paid the taxes in advance of decree, and, under the terms of its mortgage, could have had the amount thereof included in its recovery. In such event, such amount would be merged in the decree and in the deficiency judgment. On the other hand, the plaintiff had also the right to withhold payment of the taxes and to sell the mortgaged property under execution, subject to the lien thereof.

The existence of the superior lien would necessarily affect the amount of the plaintiff's bid at the execution sale. Its bid actually made must be presumed to have been made subject to the lien, and to have been reduced accordingly. The bid at the execution sale and the payment of the $50 deficiency judgment must be deemed a full satisfaction of the decree. We think, therefore, that the trial court erred in requiring the payment of the taxes as a condition to the sustaining of defendants' motion, and that the defendants are entitled to proper restitution. Such order of restitution will be made, subject to the right of plaintiff to show that the defendants have redeemed from the execution sale, and have thereby obtained for themselves the full benefit of the payment of the item of taxes. Subject to the foregoing, if the plaintiff will remit, within 30 days from the filing hereof, the amount of the two items herein referred to as erroneously exacted, the order of the trial court in other respects will be affirmed; otherwise, such order will be reversed, and a judgment entered for the defendants for the recovery of the amount of such two items. If the plaintiff shall make a showing of redemption by the defendants from execution sale, the amount of remittitur required will be reduced accordingly.—*Affirmed on condition; otherwise reversed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.