JOHN W. MONROE, Appellant, v. VICTOR BUSICK et al., Appellees.

JOHN W. MONROE, Appellant, v. ELIZABETH J. ROBUCK et al., Appellees.

No. 44378.

SEPTEMBER 27, 1938.

Johnston & Shinn and Cosson, Stevens & Cosson, for appellant.

Vander Ploeg & Heer and Johnson & Johnson, for appellees.

SAGER, C. J.—On April 10, 1935, appellant commenced an action to foreclose a mortgage on real estate described therein. This action was Equity No. 13270, and was consolidated on appeal with Equity No. 13824, for reasons which will appear as we proceed.

Prior to the filing of this petition appellant had paid the taxes for 1931 and 1932, and later paid the taxes for 1933 and 1934.

The action which we are now considering is No. 13824, and the other case will have only incidental mention to point out the basis of appellant's claim.

In this action appellant seeks to recover taxes paid on the theory that chapter 501 of the Code afforded an independent remedy and permitted him to recover the taxes, even though apparently he had lost such right under what he calls "common law rules", because they were or might have been included in the foreclosure. The action in foreclosure went to judgment and decree and the property was sold to appellant. Following the issuance of the sheriff's certificate to him he was appointed receiver to take charge of the rents and profits pending the redemption year. In due time he filed a receiver's report showing the amount received and the amount disbursed, a part of which he claimed as credit for taxes paid by him. Seemingly appellant proceeded on the mistaken idea that, because he had collected the rents and profits, reported them, and made a claim for taxes paid by him, he would be reimbursed for such payments. The

court, in appointing the receiver, made a reservation as to the disposal of any receipts, directing that the same "be held by him (the receiver) and disbursed in accordance with the future orders of this court." No further action has been taken on this report. So far as appears, the money collected is still in the hands of the clerk, and no effort seems to have been made by the appellant to bring that matter to a conclusion.

Within the redemption period appellee Busick, having obtained a quitclaim from his co-owner, redeemed by paying the full amount of the judgment, interest, and costs. This judgment included no taxes for which the appellant now makes claim. Appellees argue that appellant's attempt to collect in this action is splitting the cause of action which might and should have been disposed of in the foreclosure. This is the view that the trial court took of it, and we are satisfied that its conclusion was right. Not only did appellant make a claim in his petition for the taxes paid before the foreclosure was started, but likewise the taxes paid afterward. Prior to the decree he filed an amendment to his petition in which he re-asserted his claim for the taxes paid before and after the commencement of the suit. These payments appellant, both in his petition and in the affidavit filed with the clerk showing the payment thereof, asserted were made for the protection of his mortgage. The language of the petition in this regard is:

"That the plaintiff, being the owner and holder of said note and mortgage, and to protect the same from the sale of said premises for taxes levied thereon, advanced the money for and paid the Treasurer of Marion County, Iowa, said taxes * * *."

And in the affidavit filed with the clerk there appears this statement:

"That said payments were made to the Treasurer of said County under and by virtue of a certain mortgage held by this affiant upon said premises which mortgage is of record * * *."

In paying the taxes appellant was clearly within the terms of his mortgage. It reads, in part:

"That in case of failure to pay any of said taxes or assessments, then the said mortgagee, his successors or assigns, may pay the same, and the sum so paid, together with interest at the

rate of eight per cent per annum, shall be repaid by the mortgagors, and the amount, with said attorney's fees and the expense of abstract, shall be secured by this mortgage."

■ Under this state of the record it is clear that appellant might and should have included the taxes he advanced in the judgment which was finally taken, because they had become a part of the claim secured by the mortgage. He could not proceed to sell the property on the judgment, and in the action which we are now considering start a separate action to recover the taxes. He had the alternative of protecting himself by his bid, but this he did not do; and when Busick made redemption by paying the full amount of the judgment, interest, and costs, he acquired title free from any charge or lien of the taxes previously advanced by appellant. It follows that the mortgage given by Busick to his corporate codefendant was a valid first lien, as the trial court decreed.

This question has been before us on several occasions, and our holdings are against a claim made on the state of facts here disclosed.

In Cedar Rapids National Bank v. Todd, 199 Iowa 957, 203 N. W. 390, a case somewhat different in its facts but like in principle, we said [page 962 of 199 Iowa, page 392 of 203 N. W.]:

"The defendants were not personally liable for such tax, but it would constitute a superior lien upon their property. If they should redeem, then they lost nothing by the payment, and the plaintiff gained nothing. On the other hand, if the plaintiff should acquire a sheriff's deed, pursuant to the execution sale, the reverse is true. Two courses were open to the plaintiff, as mortgagee. It could have paid the taxes in advance of decree, and, under the terms of its mortgage, could have had the amount thereof included in its recovery. In such event, such amount would be merged in the decree and in the deficiency judgment. On the other hand, the plaintiff had also the right to withhold payment of the taxes and to sell the mortgaged property under execution, subject to the lien thereof. The existence of the superior lien would necessarily affect the amount of the plaintiff's bid at the execution sale. Its bid actually made must be presumed to have been made subject to the lien, and to have been reduced accordingly."

In the later case of Hartford S. B. I. & Ins. Co. v. Alexander, 215 Iowa 573, 246 N. W. 404, Mitchell, J., speaking for the court, used language that might well have been written in the decision of this case [page 576 of 215 Iowa, page 405 of 246 N. W.]:

"In the case at bar there was no decree in reference to payment of taxes, nor was there any stipulation between the parties. The original decree provided for the continuance of the receivership, and the order entered at the time the receiver was appointed simply provided that the receiver was to hold the funds subject to the order of the court. The appellant argues that it made its bid at the execution sale relying upon the alleged duty of the receiver to pay the taxes or redeem from the tax sale. There is no evidence that it did so rely, but appellant argues that there is a presumption that it did. This argument is unsound for the reason that the decree provided that the execution purchaser might pay taxes or redeem from tax sale, and add the amount so paid to the amount required to redeem; and besides, at the time of the execution sale there was no receiver appointed, and the question of whether there ever would be one appointed was left open by the continuance of the hearing on the question of the right to have a receiver appointed.

"In the case at bar the appellant had the opportunity of paying the taxes and adding the amount which it paid to its judgment at the time the judgment was entered; or it had the right to bid in the property, taking into consideration the amount of the lien of the taxes against the land as a prior lien, which would of necessity increase the amount of the deficiency judgment which the appellant would have taken. At the time of the execution sale there was no receiver appointed, and therefore the appellant had no right to rely upon the payment of taxes out of the rents and profits. It bid in the land, knowing that the taxes were outstanding, knowing that they were a lien against the land. The trial court ordered that the funds in the hands of the receiver be applied, first, on the costs, and, second, on the deficiency judgment, and the balance paid over to the mortgagor. This is right and just and in accordance with the holdings of this court:"

Schnuettgen v. Mathewson, 207 Iowa 294, 222 N. W. 893;

Union Central Life Ins. Co. v. Bracewell, 209 Iowa 802, 229 N. W. 185.

This by no means completes the list of the decisions on the subject, but is sufficient.

It should be noted that the facts here are precisely as they were in the Hartford case, supra. Execution sale was had on February 3, 1936. The receiver was appointed March 11, 1936, at which time the order with reference to the income heretofore quoted was made.

    Appellant, conceding the rule contended for by appellees with reference to the splitting of causes in a proper case, argues that such rule does not apply here because he is proceeding, not at common law but under chapter 501 of the Code. This he says is a new and not inclusive remedy, and we have so held in Jones v. Knutson, 212 Iowa 268, 234 N. W. 548, and Miller & Chaney Bank of Newell v. Collis, 211 Iowa 859, 234 N. W. 550.

The following language from Jones v. Knutson, supra, distinguishes it from the case at bar. There the suit was on a claim which arose after the action was commenced. Here appellant sues on a claim that arose partly before and partly after the action was commenced, and he brought the tax payments into the case by amendment. We said [page 273 of 212 Iowa, page 550 of 234 N. W.]:

"It is further contended that the appellant cannot recover in the instant case because of the rule that a party suing cannot split his cause of action but must in one action bring forward all of his claims growing out of the transaction in question. This rule is particularly applicable in cases where a mortgagee in one action seeks foreclosure of a mortgage, and in a subsequent action asks for personal judgment against the debtor. In such event he could have recovered on both remedies in the first action and must be content with what he first recovers. [Citing cases.]

"This rule has no application to the pleaded facts in the instant case, which are admitted by the motion to dismiss. The appellant had not paid the first installment of interest at the time of the commencement of the suit for foreclosure of her mortgage under the allegations of her petition. She could not therefore have included it in her action at the time it was commenced. She subsequently acquired it while the litigation was pending, but at just what stage does not appear in the record.

It may be true that she would have had the right to have filed a supplemental petition and included it in her action for foreclosure, but this she did not do. Nor was she required so to do. The important thing to be remembered at this point is that the appellant did not own the claim for interest paid on the senior mortgage at the time she commenced her action of foreclosure. She therefore had no action to split at that time. The only claim she had was her claim of foreclosure of her own mortgage which she then sought to assert. The fact that she subsequently acquired another and independent claim by the payment of interest on the first mortgage does not defeat her of her right to subsequently recover on said claim in an independent action.''

The Miller & Chaney Bank case, supra, follows the Jones case; as does Central State Bank v. Herrick, 214 Iowa 379, 240 N. W. 242. See, also, Northern Trust Co. v. Anderson, 222 Iowa 590, 262 N. W. 529, 271 N. W. 192. We conclude that the facts do not bring appellant's claim within that class of cases which hold that claims acquired subsequent to the beginning of the action are not barred by decree of foreclosure under an earlier debt.

It follows that the trial court was right, and its judgment is affirmed.—Affirmed.

All Judges concur.