Home Owners' Loan Corporation, Appellant, v. Louis W. Joseph et al., Appellees.

Gen. No. 9,546.

Opinion filed June 28, 1940.

Oakleaf & Churchill, of Moline, Bettin Stalling, James B. Croke and Thomas H. Compere, all of Chi-

cago, and E. K. NEUMANN, of Washington, D. C., for appellant; CYRUS CHURCHILL, of counsel.

HAYES MURPHY, of Moline, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On December 2, 1938, a complaint was filed by the plaintiff, the Home Owners' Loan Corporation, in the circuit court of Rock Island county, Illinois, against the defendants, Louis W. Joseph, Elizabeth Joseph, Henry A. Schocker, Mabel Schocker, and the Rock Island Bank & Trust Company, a corporation, asking that the plaintiff be subrogated to a tax lien of the State of Illinois, against a certain parcel of real estate in the city of Rock Island, Illinois, on which the plaintiff, a corporation, had previously held a mortgage lien. Summons was issued on December 2, 1938, and personal service had upon the defendants, Henry A. Schocker and Mabel Schocker and Rock Island Bank & Trust Company. Louis W. Joseph and Elizabeth Joseph, his wife, were not residents of the State of Illinois, and no action was taken relative to obtaining jurisdiction over these two defendants. The defendants, Henry A. Schocker, Mabel Schocker and the Rock Island Bank & Trust Company, by their counsel, filed their motion to dismiss the suit on December 21, 1938. On December 22, 1939, the trial court sustained the motion of the defendants to dismiss the suit. The plaintiff elected to stand on its complaint and the court rendered judgment in favor of the defendants and dismissed the suit at plaintiff's cost. From the judgment and order of dismissal, the plaintiff has perfected an appeal to this court.

The complaint alleged that on October 29, 1934, the plaintiff loaned the defendant, Louis W. Joseph, then a bachelor, the sum of $7,525 to refinance an indebtedness then existing on his residence property; that the loan was evidenced by a promissory note secured by a

real estate mortgage on a part of lots 16 and 17 in Rodman Heights Addition in the city of Rock Island, Illinois; that Louis Joseph defaulted in his monthly payments and failed to pay the 1934 and 1935 general taxes and special assessments; that the plaintiff declared the entire balance on the note due and filed its complaint in the circuit court of Rock Island on May 21, 1936, to foreclose its mortgage; that on August 15, 1936, the foreclosure proceedings were referred to the Hon. James F. Murphy, master in chancery, of said county; that a hearing was had before the master in chancery and proof offered on September 16, 1936; that the master's report was filed in the said circuit court under date of September 17, 1936; that the master certified that plaintiff was entitled to a first mortgage lien to secure a total indebtedness of $8,454.79; that on September 17, 1936 (the date of filing of the master's report), the 1935 taxes were still unpaid and were not included in the mortgage indebtedness shown in the master's report.

The complaint further alleged that the plaintiff corporation, operates in 48 States and that for the purpose of administration, the various activities of the corporation are handled by different departments; that payment of defaulted taxes on properties against which the corporation holds mortgages is handled by one department, and foreclosures of mortgages in default are handled by another department; that on September 22, 1936, the department handling the payment of defaulted taxes, paid the 1935 taxes on the Joseph premises in the sum of $159.31 to the county collector of Rock Island, Illinois, to protect its interest under its mortgage, and to prevent tax sale of the premises; that notice of such payment was inadvertently not transmitted to the department handling foreclosure suits, until after October 20, 1936. The master's report dated September 16, 1936, was filed in the circuit court on October 20, 1936, and a decree of sale was entered by

the court on that date. The master's report of September 17, 1936, and the decree of court of October 20, 1936, did not include the moneys advanced for taxes on September 22, 1936. The mortgaged premises were sold by the master on March 25, 1937, to one Henrietta A. Zeis for the sum of $8,900. The sale was approved on April 23, 1937, and a master's certificate of sale issued to the purchaser. She had knowledge that the plaintiff had paid the 1935 taxes, and that they were not included in the debt decree, and she agreed to reimburse the plaintiff corporation, for the 1935 taxes if she obtained a master's deed.

On March 23, 1938, Louis Joseph redeemed the property from the foreclosure sale, and at that time the plaintiff endeavored to procure reimbursement for the moneys advanced for the 1935 taxes. When he redeemed the property, Mr. Joseph knew that the taxes had been paid by the plaintiff and it had not been reimbursed therefor. Mr. Joseph refused to reimburse plaintiff corporation for the 1935 taxes and the master in chancery issued a certificate of redemption to him under date of March 23, 1938. On the same date Louis Joseph and Elizabeth Joseph, his wife, sold the redeemed premises to the defendants, Henry A. Schocker and Mabel Schocker for a consideration in excess of $11,000 and gave them a warranty deed of the same date, which was filed for record on the same date in the office of the recorder of deeds of Rock Island county, Illinois. When they bought the premises the defendants, Henry A. Schocker and Mabel Schocker knew that the plaintiff had paid the 1935 taxes and had never been reimbursed therefor. On March 23, 1938, the Schockers borrowed the sum of $6,500 from the defendant, the Rock Island Bank and Trust Company, and gave a note and real estate mortgage evidencing said indebtedness. The defendant, the Rock Island Bank & Trust Company, knew when it loaned its money, that

the plaintiff had paid the 1935 taxes, and had never been reimbursed therefor.

The plaintiff filed a motion in the foreclosure proceedings to vacate the master's certificate of redemption, which was denied by the court. The present proceeding was then instituted by plaintiff to establish and foreclose the lien for taxes upon the mortgaged premises based upon the doctrine of subrogation. There is no question about the facts in the case, as a motion to strike, admitted all facts well pleaded in the complaint.

The sole question presented to this court is, as stated by appellant, "May a mortgagee who pays taxes on the mortgaged premises after institution of foreclosure proceedings and taking of proof, who inadvertently fails to reopen and take further proof and include the amount for taxes in the decree debt, maintain after sale and redemption by the mortgagor a separate equity action to establish and foreclose its tax lien against the mortgagor, and those claiming under him with notice on the theory of subrogation or unjust enrichment?" It will be observed that the plaintiff is making no attempt to enforce a personal action against the original mortgagor, but is basing its contention wholly upon the theory that by payment of the 1935 taxes, it is entitled to a lien upon the mortgage premises covered by the original mortgage. Neither the Supreme Court nor the Appellate Courts of this State have had occasion to pass upon this precise question. Other State courts have passed upon this question and have held that such an action cannot be maintained. The Supreme Court of Nebraska in the case of *Johnson v. Payne,* 11 Neb. 269, 9 N. W. 81, decided the same question. The facts and law are well summarized in the syllabus, which is as follows: "A mortgagee, for the protection of his security, has the right to pay the taxes thereon, or to redeem the same from tax sale. The amount which he is required to pay for such purpose is a valid claim against the mortgagor, enforcible in the same manner as a mortgage

debt, and continuing until the satisfaction of the mortgage. Whatever amount is due under the mortgage at the time of foreclosure, including taxes so paid, constitutes but a single and indivisible demand, and cannot be separated and collected by several actions.'' The Supreme Court of Nebraska passing upon this question quotes with approval *Hitchcock v. Merrick,* 18 Wis. 357.

In the case of *Vincent v. Moore,* 51 Mich. 618, 17 N. W. 81, the opinion was written by the well-known Judge COOLEY. The case is very short and states the facts and the law relative thereto. We quote in full and is as follows: ''The bill in this case appears to be filed to enforce the payment of a sum of money which complainants paid to redeem from a tax sale certain lands belonging to defendant, and upon which complainants, at the time of redemption, held a mortgage. The redemption, it is assumed, was made for the protection of the mortgage; but complainants went on afterwards and foreclosed the mortgage under the power of sale, taking no notice of what they had paid for taxes and making no claim for the amount. The land was sold in the foreclosure proceedings, and bid in for the amount of the mortgage debt, and defendant redeemed from that sale. This suit was then instituted. We think there is no foundation for it. What complainants were compelled to pay for the protection of their mortgage did not constitute a separate and independent lien on the land; it could become a lien only in connection with and because of the mortgage, and could not exist independent of it. When therefore complainants took proceedings which resulted in a satisfaction of the mortgage, any lien which may have existed before for the taxes paid was necessarily discharged, whether the amount paid was claimed in those proceedings or not. All that complainants could claim by virtue of the mortgage they were bound to claim in those proceedings, and they could not at pleasure split up their demand and make the parts the subjects of separate suits.''

The Supreme Court of Iowa in *Dickinson v. White,* 64 Iowa 708, 21 N. W. 153, had the same question before them that is presented to us, and in their opinion they say:

"That defendant had a lien on the premises for the amounts paid by Rix, Hale & Co., as taxes on the mortgaged premises, cannot be doubted. But his lien in this respect was under the mortgage. It was created by the contract between the mortgagor and the mortgagee, that any sums which should be paid by the latter for such purpose should be added to the indebtedness secured by the mortgages. An ordinary purchaser at tax sale acquires by his purchase the lien on the property of the county and state for the taxes due. But, as Rix, Hale & Co. had a contract with Hardin that they should have the security of the mortgage for any amounts which they might pay for taxes on the premises, the law treats their transaction of bidding in the property at the tax sale as a mere payment of the taxes, and gives them a lien for the amount under their contract. At the time the judgment of foreclosure was taken, then, the mortgages were security for the amounts paid out in the purchases at the tax sales and in payment of the subsequent taxes, as well as for the original indebtedness, and defendant was clearly entitled to have all of said amounts included in his judgment against Hardin. He took judgment, however, but for the amount of the original debts, and he sold the whole of the mortgaged premises for the satisfaction of that amount.

"It is very clear, we think, that the lien of the mortgage was thereby exhausted, and that the purchaser took a clear and absolute title to the premises. The case is not at all distinguishable in principle from *Poweshiek County v. Dennison,* 36 Iowa 244. And the fact that plaintiff knew when he purchased the premises that defendant was claiming a lien thereon for the amount of the taxes, separate from the lien of the mortgage, in no manner changes the effect of the sale, for, as we have

seen, the only lien which defendant had for said amounts was under the mortgage.''

The circuit court of appeals, 8th circuit in the case of *Northern Finance Corp. v. Byrnes,* 5 F. (2d) 11, at p. 13 held that such an action could not be maintained, and in their opinion use this language: ''Further, the appellant has pursued the wrong remedy. It is the law of Missouri (*Horrigan v. Wellmuth,* 77 Mo. 542) that a right to pay the taxes inured to the appellant here as mortgagee, and that if he pays them outside of that relation, it would be a voluntary payment, which would not support an action. It will be noted from the chronological statement of fact that this money was loaned by appellant, while the foreclosure proceedings were pending, but before sale. Under the law of Missouri, he could have had the amount of the taxes, under the doctrine of the above and other Missouri cases, included in his mortgage debt, for the payment of which the property was sold before he ever applied to the federal court. In *Carter v. Phillips,* 49 Mo. App. at page 324, it is held that a mortgagee's claim for such taxes must be enforced as part of the mortgage debt, and not otherwise, and if, as here, the mortgagee permits the property to go to sale without adjustment of his claim for taxes, he would not be permitted to maintain an independent action for debt against the mortgagor, or an action in equity for the enforcement of the tax lien by virtue of the law of subrogation. The judgment of the lower court is affirmed.''

The Supreme Court of Rhode Island, in the case of *Citizens Sav. Bank v. Guaranty Loan Co.,* — R. I. —, 6 Atl. (2d) 688, 123 L. A. R. 1236, in a similar case held that a mortgagee who has paid taxes on mortgaged property to protect his security cannot after foreclosure proceedings, maintain an individual action against the mortgagor to recover the amount so paid since such payment does not grant a lien or liability apart from that of the mortgage. The court, in its opinion, quotes

with approval *Horrigan v. Wellmuth,* 77 Mo. 542. Numerous other State court decisions are cited as sustaining the decision of the Rhode Island court.

We are aware that other State courts have held that such actions can be maintained and that the plaintiff under such circumstances, would be entitled to a lien on the premises on which it formerly held a mortgage for the amount of the tax paid. We think the better rule and the weight of authority is contrary to such holding.

It is our conclusion that when the court entered its decree of sale in foreclosure, and included all that the plaintiff claimed was due under its mortgage, and since the plaintiff failed to have its decree modified before the sale of the mortgage premises and have the taxes that they had advanced for the year of 1935 included in the decree of sale, they are now barred from maintaining a suit in equity to have a lien declared upon the former mortgage premises, for the amount of taxes which they had advanced. The order appealed from is affirmed.

*Affirmed.*