John Warnecke et al., Appellants, v. J. P. Foley et al., Appellees.

No. 46260.

October 19, 1943.

Rehearing Denied January 14, 1944.

D. D. Murphy & Son, of Elkader, for appellants.

Alex Holmes, of Strawberry Point, for appellees.

GARFIELD, J.— On March 1, 1920, defendants, Anna B. Zapf (and husband, now deceased), J. P. Foley and wife, executed to plaintiffs, John and Henry Warnecke, their promissory note for $20,000 secured by a mortgage on two hundred acres of land in Clayton county. On April 1, 1942, the guardian of the Warneckes filed in the district court of Clayton county, in the guardianship matter, an "Application for Citation and Order," stating that Anna B. Zapf then owed $1,150 on the mortgage note but claimed a credit of $825 to which she was not entitled. The application asked that Mrs. Zapf be required to appear and that the amount due on the note be found to be $1,150. Mrs. Zapf filed answer to the application asserting she was entitled to the credit of $825 and asking that it be allowed.

Hearing was had on the above application and answer after it was stipulated that the matter be transferred to the "equity side" and tried as in equity. The court found that Mrs. Zapf was not entitled to the disputed credit of $825 and on May 25, 1942, entered judgment for $1,150 in favor of the guardian and against Anna B. Zapf "on account of the note as aforesaid." Mrs. Zapf appealed from that judgment to this court, where it was affirmed on November 24, 1942. Warnecke v. Zapf, No. 46171, Iowa, 6 N. W. 2d 313.

The suit now before us was brought on July 28, 1942, by the Warneckes (whom we call plaintiffs), through their guardian, against defendants, Mrs. Zapf and Mr. and Mrs. Foley, to recover $167.32 because of redemption by plaintiffs on January 30, 1937, of the mortgaged premises from tax sale held on January 4, 1937, and to foreclose the mortgage to make that amount. Defendants contend that plaintiffs are precluded because of cause No. 46171 from maintaining the present suit, that to permit recovery would violate the rule against splitting causes of action, and that there

was a settlement. Upon the trial it was shown that defendants failed to pay the taxes for the year in question, redemption was made as claimed and plaintiffs have never been reimbursed therefor. The trial court dismissed the petition and plaintiffs have appealed.

On September 16, 1943, defendants filed in this court a certificate of the clerk of the trial court that the judgment in No. 46171 was paid on January 25, 1943, which was after the trial and dismissal of the present suit and the appeal to this court.

I.   Each side relies upon a well-established rule of law. Plaintiffs advance the rule that a mortgagee may sue on the note, recover judgment, and thereafter maintain a separate action to foreclose the mortgage.   Beckett v. Clark, 225 Iowa 1012, 282 N. W. 724, 121 A. L. R. 912, and annotation 917, 918; Equitable L. Ins. Co. v. Rood, 205 Iowa 1273, 1279, 218 N. W. 42, and cases cited; 1 C. J. S. 1324, 1325, section 103c (6); 37 Am. Jur. 27, 28, section 523.   Defendants advance the principle, equally well settled, that taxes paid by a mortgagee before the foreclosure of his mortgage cannot thereafter be recovered.   To allow recovery under such circumstances would permit the mortgagee to split his cause of action and try his case piecemeal.   Monroe v. Busick, 225 Iowa 791, 281 N. W. 486, and cases cited; Dickinson v. White, 64 Iowa 708, 21 N. W. 153; 1 Am. Jur. 486, section 103; annotation 84 A. L. R. 1366, 1387, 123 A. L. R. 1248, 1256.

Defendants argue that cause 46171 was, in effect, a foreclosure of the mortgage.   We think, however, the most that can be claimed is that the former case was an action on the note or the debt evidenced thereby and not a foreclosure of the mortgage.   Nor can we agree with defendants that the present claim for taxes was in fact litigated in the former suit.   Even so, to allow recovery here *as against Mrs. Zapf* would violate the rule against splitting a cause of action.

An adjudication in a former suit between the same parties on the same cause of action is final as to all matters which could have been presented to the court for determination.   A party must litigate all matters growing out of his cause of action at one time and not in separate actions.   A party is not permitted to split his demand.   Schnuettgen v. Mathewson, 207 Iowa 294, 301,

222 N. W. 893, and cases cited; Bagley v. Bates, 223 Iowa 836, 841, 842, 273 N. W. 924, and cases cited; 1 C. J. S. 1306, section 102b; 1 Am. Jur. 480, 481, section 96.

Plaintiffs concede their only claim to recovery rests on the provision of the mortgage permitting sums paid for taxes to be added to the mortgage debt. The amount paid for taxes, together with other amounts due on the mortgage debt, constituted but a single and indivisible demand, which existed only by virtue of the mortgage. Dickinson v. White, 64 Iowa 708, 21 N. W. 153; Monroe v. Busick, 225 Iowa 791, 794, 281 N. W. 486; Criswell v. McKnight, 120 Neb. 317, 232 N. W. 586, 84 A. L. R. 1361, 1364, and annotation 1366, 1387; annotation 123 A. L. R. 1248, 1256. As to defendant Mrs. Zapf, there is no reason why plaintiffs could not have established their claim for taxes in the former suit to determine the amount of the indebtedness.

██ II. As to defendants Foleys, who are jointly and severally liable on the note and mortgage and own an undivided interest in the mortgaged land, the situation is different. They were not parties to cause 46171 and no relief was there asked against them. They were and are nonresidents of Iowa. No notice in 46171 was served upon the Foleys nor was their appearance entered. It is true Mrs. Zapf testified in that case that she represented the Foleys. (Mr. Foley is Mrs. Zapf's brother.) The judgment in 46171 was against Mrs. Zapf only, although it contained a finding that she represented Mr. and Mrs. Foley as agent.

The prayer of plaintiffs' petition in the present suit is sufficient to permit the entry of judgment in rem for the amount plaintiffs paid for taxes, with interest and costs, against the Foleys' interest in the mortgaged land and its enforcement against that interest. Plaintiffs do not ask personal judgment against the Foleys. We hold that plaintiffs are entitled to that much relief and that, as to the Foleys, plaintiffs have not split their cause of action. The rule against splitting a cause of action applies only when the several actions are between the same parties. 1 C. J. S. 1310, 1312, section 102f (3); Nelson v. First Nat. Bk., 199 Iowa 804, 805, 202 N. W. 847.

Furthermore, plaintiffs were not required to make the Foleys parties defendant in 46171, even if they had been residents

of this state and jurisdiction over them could have been obtained. And the judgment against Mrs. Zapf is not a bar to the present suit as against the Foleys. Sections 10975, 10976, Code, 1939, provide:

"Where two or more persons are bound by contract * * * whether jointly only, or jointly and severally, or severally only, including the parties to negotiable paper * * * or by any liability growing out of the same, the action thereon may, at the plaintiff's option, be brought against any or all of them. * * *

"An action or judgment against any one or more of several persons jointly bound shall not be a bar to proceedings against the others."

Aside from the above statutes, even under the common law, plaintiffs were not required to join the Foleys with Mrs. Zapf as defendants in the former suit, since their liability was joint and several and not joint only. 39 Am. Jur. 908, section 39. Indeed, at common law even joint obligors living beyond the jurisdiction of the court, who could not be subjected to personal service, were not necessary parties. 39 Am. Jur. 907, section 38. And the rule against splitting a cause of action has no application where the separate actions are against debtors jointly and severally liable. 1 C. J. S. 1340, section 106b; Marine Trust Co. v. Roden, 218 Mich. 693, 188 N. W. 397.

One of the underlying reasons for the rule against splitting a cause of action is that no person should be unnecessarily harassed with a multiplicity of suits or subjected to costs and expenses incident to two or more suits on the same cause of action. "And of course when the reason of the rule ceases, the rule has no application." Wilkes v. Hood, 237 Ala. 72, 76, 185 So. 748, 752, and cases cited; 1 Am. Jur. 480, 481, section 96. So far as shown, this is the first suit against the Foleys to recover any part of the mortgage debt or to foreclose the mortgage.

III. Defendants rely upon Code section 12375, which provides:

"If separate actions are brought in the same county on the bond or note, and on the mortgage given to secure it, the plain-

tiff must elect which to prosecute. The other will be discontinued at his cost."

We need not determine whether this statute may be invoked by defendant Mrs. Zapf, since we have held plaintiffs are not entitled to recover against her. It may be observed, however, that the present suit was not commenced until after cause 46171 had proceeded to judgment. We have indicated that section 12375 applies only where the actions on the note and mortgage are pending at the same time. Then an election may be required as to which action will proceed. Des Moines Sav. Bk. v. Arthur, 163 Iowa 205, 213, 143 N. W. 556, Ann. Cas. 1916C 498; Iowa Title & L. Co. v. Clark Bros., 213 Iowa 875, 881, 237 N. W. 336, 240 N. W. 266. As heretofore stated, it is well settled that a mortgage may be foreclosed after judgment has been entered on the note. Beckett v. Clark, 225 Iowa 1012, 1014, 282 N. W. 724, 121 A. L. R. 912, and cases cited.

In any event, section 12375 affords no defense to the Foleys. As stated, this is the only action ever brought against them on either the note or mortgage. Obviously, during the pendency of this suit there has been no other action pending against them which plaintiffs might elect to prosecute. Having some application here is Parsons v. Kitt, 228 Iowa 654, 656, 292 N. W. 831, 832, where we said the seeming purpose of section 12375 "is to afford a mortgagor-defendant a method by following which he may be able to relieve himself of the burden of superfluous litigation and procedure, in cases where a mortgagee has separated into two actions what could have been equally well prosecuted and adjudicated in one action brought on both note and mortgage."

IV. It is also contended that the claim now asserted was included in a compromise settlement made on August 24, 1937, between plaintiffs and Mrs. Zapf. Defendants pleaded that this settlement "was partly in writing and partly oral." The written parts consist of Exhibit 4 in cause 46171 and the notations on the mortgage note, both set out in our opinion in 6 N. W. 2d 313. It is doubtful if this defense is available to Mr. and Mrs. Foley, who were not parties to the compromise and not bound thereby. 15 C. J. S. 741, section 24b; idem, 747, 748,

section 28; idem, 716, section 5. However that may be, we are satisfied there was no intention on the part of either plaintiffs' agent, Reimer, or Mrs. Zapf to settle this tax item on August 24, 1937. Mrs. Zapf testified: "There never was a word mentioned about taxes on the 24th day of August 1937." It is true she also gave her conclusion that "everything was supposed to be settled."

Plaintiffs' agent, Reimer, testified that on August 24th, the question of this tax item arose; that Mrs. Zapf said she had always paid her taxes and could prove it by her checks; he then called the county treasurer and was told the property had been sold for taxes; that Mrs. Zapf was going to look up her checks and "have that out" with the treasurer; she said if there were any taxes to be paid she would pay them later; that subsequently he approached Mrs. Zapf for payment of these taxes but she said to forget it, she had paid for the farm often enough. There is testimony from Mrs. Zapf tending to corroborate part of Reimer's version.

Whether we accept the testimony of Reimer or of Mrs. Zapf that nothing was said about the taxes when this "settlement" was made, it is clear that no one intended to include this tax item in the compromise made on August 24th. There is no reason why we should give to the agreement a purpose or effect which was never intended. Our primary object should be to effectuate the intention of the parties. Jordan v. Brady T. & S. Co., 226 Iowa 137, 155, 284 N. W. 73; 15 C. J. S. 735, section 21; idem, 745, section 27; 11 Am. Jur. 271, section 24.

Other matters argued have been considered but need not be mentioned.

As to defendant Mrs. Zapf the decree is affirmed. Plaintiffs are entitled, however, to judgment in rem for the amount paid by them to redeem the property from tax sale, with interest and costs, against the undivided interest of defendants J. P. Foley and wife, and, if not paid, to have said interest sold to satisfy the judgment.—Affirmed in part; reversed in part.

All JUSTICES concur.